**LAND TITLE BANK & TRUST CO. v. UNITED SAV. BANK OF DETROIT, MICH., et al.**

No. 1789.

Court of Civil Appeals of Texas. Eastland.

May 13, 1938.

Rehearing Denied June 10, 1938.

Mays & Perkins, of Sweetwater, Earl Wyatt, of Amarillo, F. E. McKee, of Dallas, and Beall, Beall, Yonge & Neblett, of Sweetwater, for appellant.

B. M. Neblett, of Sweetwater, for appellees.

FUNDERBURK, Justice.

Land Title Bank and Trust Company, Trustee (under the name of The Real Estate-Land Title and Trust Company, Trustee) having recovered a judgment for $822.14 against Carl A. Jameson upon a special assessment certificate, providing for foreclosure against said Jameson and wife of a lien upon part of a lot in Sweetwater, was induced to abandon advertisement of the land for sale under the foreclosure upon being advised by Jameson and wife of their purpose to make application to Home Owners Loan Corporation (HOLC) for a loan to pay the judgment and other debts; and upon their further agreement to pay $15 per month on the judgment until such loan should be made. United Savings Bank of Detroit, not a party to said suit, held a prior deed of trust lien on the land securing a small indebtedness. The application of the Jamesons to HOLC for the loan made under date of August 18, 1934, was accompanied by written agreements of both Land Title Bank and Trust Company, Trustee, and said United Savings Bank of Detroit, consenting to accept HOLC bonds in payment of their several debts. Such written consent of United Savings Bank to accept bonds for its debt provided that

such agreement should be binding until November 1, 1934, and thereafter until ten days' written notice was given to HOLC, which notice was never given. On September 28, 1934, HOLC advised Jameson and wife that before it would make the loan applied for, the Jamesons would have to pay certain incidental expenses in connection therewith in the sum of $40; furnish an abstract of title and make certain improvements on the property estimated at $125. On May 7, 1935, the land was sold by J. R. Cowsert, substitute trustee, under the power in the deed of trust, securing the indebtedness due by Jameson to said United Savings Bank. J. P. Aylor was purchaser for a consideration of $67.10; the conveyance to him being made subject to delinquent taxes on the property in the approximate sum of $700. Jameson's application to HOLC was rejected September 5, 1935, after the latter had been advised of the sale of the land, as aforesaid, to J. P. Aylor, and after being advised by Aylor that he would not be interested in transferring the property back to Jameson.

This suit was brought on November 29, 1935, by said Land Title Bank and Trust Company, Trustee, against said United Savings Bank of Detroit, Carl A. Jameson and wife, and J. P. Aylor and wife. Plaintiff's petition consisted of two counts. In the first count, plaintiff asserted a cause of action for cancellation of the deed given by the substitute trustee to said Aylor. By the second count, alternative to the first, recovery of damages was sought against said United Savings Bank of Detroit.

A non-jury trial culminated in a judgment against the plaintiff and in favor of the defendants, from which plaintiff has appealed. Upon due request therefor, the trial judge filed his conclusions of fact and law.

█ Although appellant asserts more than a dozen propositions under as many assignments of error, it will be necessary to discuss only a few of them for the reason, as we see it, that the learned trial judge in the exercise of his fact finding duty has made certain unchallenged findings of fact which alone, or in connection with those which we conclude are not subject to the criticisms made, required the judgment that was rendered, independently of the questions arising upon the other conclusions of fact or law. There was no attempt to allege a cause of action for can-

cellation of the deed to Aylor which did not include as an indispensable element thereof the fact of the existence of a fraudulent scheme to which Aylor was a party, together with the Jamesons and United Savings Bank. There is no finding that there was any such scheme. A material element of the scheme alleged was the fact that United Savings Bank gave appellant no notice of the sale. But the judge found there was "no evidence that the defendant Savings Bank did not notify the plaintiff of the date of the trustee sale" and found that there was "no evidence that the plaintiff * * * was not present" or that it "knew nothing of the sale until after it was made." Another factor in the alleged fraudulent scheme was the sale of the property at a grossly inadequate price. The sale price was $67.-10, but the sale was subject to delinquent taxes in the sum of $700. There was no finding of the value of the property. One of the conclusions of the trial judge was that he "could not determine the value of the property at the time of the sale thereof because of the want of sufficient evidence upon which to base such value." This finding is challenged and the failure to find the value is assigned as error. The only evidence to show the value of the property was the statement of a witness that the property had been appraised by two different persons at certain values. That was clearly hearsay and incompetent. Being incompetent the evidence would not support a finding of value. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533. As an element of an alleged fraudulent scheme which it is contended had the effect of invalidating the sale, the sale of the property at an inadequate price was a fact the burden of establishing which was upon the appellant. From these considerations it is therefore our conclusion that even if it be granted that other findings of fact were inconsistent one with another, or immaterial, or not warranted by the evidence, that would not vary the effect of the above, and notwithstanding same the judgment refusing to cancel the deed was correct.

█ It remains to consider whether the judgment was warranted wherein it denied appellant recovery under the second count of its petition. We construe that count to be a claim for damages resulting from a tort. An admittedly senior lien holder with a power of sale granted to a trustee for its

benefit is sought to be held liable for damages to a junior lien holder because of the sale made in pursuance of the power. Passing over any question as to whether there could exist a cause of action under such circumstances it is quite clear, we think, no cause of action could be shown, which would not be concluded against appellant by the unchallenged findings. The judge's conclusions of fact include the facts that there was "no evidence that defendant Savings Bank ever made any promise to the plaintiff in this cause to notify the plaintiff before making sale of such property under the deed of trust"; that there was "no evidence that the defendant Savings Bank made any statements to the plaintiff regarding the postponement of the sale under its deed of trust"; or "did not notify plaintiff of the date of a trustee's sale"; or that plaintiff "was not present" or "knew nothing of the sale until after it was made." In the face of these unchallenged findings, what duty of United Savings Bank could have been breached so as to render it guilty of a tort? There was no contract duty involved since there was no contract alleged, proved or found to which appellant and United Savings Bank were parties. The latter undoubtedly had the legal right to have the property sold under the terms of the deed of trust, unless in some way not shown by the conclusions of fact or law it lost such right.

The contention of appellant that by signing the consent agreement to accept bonds in payment of its debt, appellant waived its rights, seems to us to be wholly untenable. That could have been the result only if the offer to receive the bonds in discharge of the debt had been accepted so as to create a contract. Even in that case it is difficult to see how appellant could have any rights based upon a breach of the contract to which it was not a party, nor which contract purported to have been made for its benefit. In the absence of a finding to the effect that an offer of the United Savings Bank to accept bonds was accepted there could be no sufficient support for a judgment for appellant. In the absence of such support the judgment for the defendants was the only judgment that could have been rendered.

The written consent of appellant to accept HOLC bonds in lieu of the debt evidenced by its judgment was, of course, conditioned upon the issuance of such bonds. The written consent was therefore but an offer which required acceptance to become binding. The conclusions of fact do not show that such offer was accepted. It was found that HOLC, while the application was pending before it, advised Jameson and wife that before it would make the loan applied for the Jamesons would have to pay certain expenses amounting to $40, furnish an abstract and make improvements of the value of $125. There is no finding that the Jamesons agreed to these requirements. This finding is not challenged by any of the assignments. We must, therefore, presume, if necessary in support of the judgment, that the Jamesons refused to comply with such requirements. There was also a finding to the effect that HOLC took the position that appellant was not authorized to accept bonds in discharge of the debt. While this finding is challenged we find it unnecessary to pass upon the question raised. Right or wrong such finding is sufficient for our present purposes to show the absence of any acceptance of the offer of United Savings Bank to receive bonds in lieu of its debt.

It is therefore our conclusion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.